5617, 5618. SOUTHERN RAILWAY COMPANY v. DAVIS; and vice versa.

1. The court committed no error in refusing to sustain the general demurrer.

2. The court erred in striking from the petition the alleged rule of the defendant railway company, that "second-class and inferior trains must approach and run through yard limits under full control, expecting to

find the main line occupied." Both the plaintiff as an employee and the railway company were bound by the rules of the company; and the plaintiff, having alleged that he was run over and injured by a second-class train, was entitled to allege and prove that this train was being operated in violation of the rules of the company.

3. It was not error to strike from the petition the following rule, alleged to be a rule "governing engineers" of the defendant company, to wit: "They must keep a constant and vigilant lookout, while running, for obstructions, defect of track, and signals," which rule, it was alleged, was not being observed at the time of the injury; it not appearing from the petition that, if this rule had been observed, the injury would not have occurred, or that the failure to observe the rule contributed in any way to the plaintiff's injury.

4. It was not error to strike from the petition an allegation that it was customary to ring the bells and blow the whistles of trains passing on a double track, and that this custom was not followed on the trains passing at the time the plaintiff was injured; since it did not appear from the petition that the custom was binding on the defendant, or that the plaintiff knew of the custom or relied on it, or that if the custom had been followed at that time, the injury would not have occurred.

DECIDED FEBRUARY 6, 1915.

Action for damages; from city court of Atlanta—Judge H. M. Reid. March 2, 1914.

*McDaniel & Black,* for the railway company.
*Edgar Latham, Marion Smith,* contra.

RUSSELL, C. J. J. M. Davis brought suit against the Southern Railway Company in the city court of Atlanta, for damages on account of personal injuries alleged to have been received from the negligent operation of a train of the defendant. The petition was in two counts, each alleging the same facts, with the exception that the second count added that the train which struck defendant and caused his injuries was at the time engaged in interstate commerce. The defendant filed both a general and a special demurrer to the petition. The plaintiff amended by setting out more in detail the facts and acts of negligence alleged in the petition. The court, on hearing the demurrer, entered an order striking certain paragraphs of the petition, but overruled the general demurrer. The defendant excepted to the refusal to sustain the general demurrer and certain parts of the special demurrer, and the plaintiff, by cross-bill, excepted to the striking of certain parts of his petition.

1. The court did not err in overruling the general demurrer. The plaintiff alleged in his petition that he was a track foreman, and, as such, was charged with the duty of keeping in repair certain

47

parts of the track of the defendant, in what is known as Inman yard, in Fulton county, Georgia; that in the course of his duty he was walking along a track of the defendant in Inman yard on an inspection tour, and at a point where two main-line tracks were parallel; that these tracks were known as the south-bound main track and the north-bound main track; that on observing a train approaching on the south-bound main track, upon which he was walking, he stepped to the north track, to allow the train to pass; that it was practically impossible for him to have awaited the passing of the train by stepping to the other side of the south track rather than to the north track, for there was a great deal of water on that side of the track, and it was therefore necessary for him to get upon the north-bound track for the train to pass; that while thus standing on the north-bound track, awaiting the passing of the train on the south-bound track, he was struck by a train approaching on the north-bound track; that he had not been able to see the train which struck him, by reason of a curve in the track near that point, and was prevented from hearing its approach, on account of the noise of the passing train on the south main track. He alleged that he was lawfully upon the track in the performance of his duties, and that the defendant was bound to anticipate his presence there; that the employees of the company knew, or by the exercise of ordinary diligence could and should have known, of his presence in time to warn him of the approach of the train and to have avoided doing him any injury. Negligence was also alleged in the following respects: (1) in operating the train at a high and dangerous rate of speed; (2) in violating certain rules of the defendant requiring second-class trains to approach and run through yards under full control; (3) in failing to keep a vigilant and constant lookout; (4) in failing to check the speed of or stop the train after defendant's perilous position became known, and (5) in violating the crossing law.

It is contended that the petition does not set forth a cause of action, and that a recovery is barred because of the doctrine of assumed risks; that the plaintiff was engaged in a hazardous work, and that one of the risks incident to it was the risk attending the passing of trains along the track. Learned counsel for the railway company cite many cases and have presented to this court a very thorough and enlightening brief on the subject of assumed

risks. While the plaintiff, under the law, being an employee, assumed the ordinary risks incident to his employment (Civil Code, § 3131), the petition alleges acts of negligence on the part of the defendant and its employees which, as we view the law, if proved to the satisfaction of a jury, would give him a right to recover. It has been repeatedly held in this State that an employee of a railway company, while he accepts the usual risks incident to his employment, accepts no risks arising from the negligence of the defendant or its employees. *Coggin* v. *Central R. Co.*, 62 *Ga.* 685 (35 Am. R. 132); *A., K. & N. Ry. Co.* v. *Tilson*, 131 *Ga.* 395 (62 S. E. 281); *King* v. *S. A. L. Ry.*, 1 *Ga. App.* 88 (58 S. E. 252). And, as was said by Judge Powell in *Atlanta &c. Ry.* v. *McManus*, 1 *Ga. App.* 308 (58 S. E. 258), a laconic and not altogether inexact statement of the substance of the law relative to such risks may be expressed in the words, "The employee of a railway company does not assume the risk of injury from the negligence of his coemployees." So, then, if the plaintiff's petition shows negligence on the part of the defendant or its employees, and that by such acts of negligence his injury was caused, it can not be said that the petition was subject to be dismissed. It not only alleges that the defendant's employees were negligent by reason of their failure to obey the rules of the company, which the plaintiff had a right to believe they would obey, but also alleges a violation of the law of the land. So it can not be said that the plaintiff accepted the risk of being injured in the way he alleges it to have occurred. The defendant certainly owed the plaintiff some duty. The mere fact that the plaintiff was an employee and was engaged in a hazardous employment is no defense to an action for doing him injury negligently.

2. It is insisted in the cross-bill of exceptions that the court erred in striking from the petition a rule of the railway company, pleaded as showing negligence, which provided, among other things, that "second-class and inferior trains must approach and run through yard limits under full control, expecting to find the main line occupied." We think the court erred in striking this part of the petition. The plaintiff alleged, in connection with this allegation, that the train which caused his injury was a second-class train, and that it was being operated on the main line and within yard limits. He alleged also that it was not "under full control." One of the causes of the injury was alleged to be negligent opera-

tion of the train. Certainly the direct violation of a specific rule governing trains of the class alleged to have caused the injury, at the specific time and place, if shown, might show that the train was in fact being negligently operated. It is contended that the court did not err in striking this part of the petition, for it appears, from the words "expecting to find the main line occupied," that the rule was formulated for the protection of the property of the company, and not for the protection of individuals. Whatever might have been the intent of the rule, the plaintiff, being in a yard where such a rule for the conduct and operation of trains was of force, and being, as contended, chargeable with knowledge of such rules in and about the yards where he labored, it can not be said that he accepted risks incident to the operation of trains otherwise than in accord with such rules and regulations. If, as he alleges, the train had been run in accord with the rules in force, he would not have been injured; and he is therefore entitled to allege and prove specific acts and rules of the company as tending to show negligence on the part of the defendant. The allegation of the act of running a train not within full control might not, without alleging a rule of which such an act is a violation, tend to show any negligence, while in a petition alleging both, the negligence might appear.

3. It is also contended in the cross-bill of exceptions that the court erred in striking from the petition a rule "governing engineers," alleged as bearing on the negligence of the defendant, which rule was as follows: "They must keep a constant and vigilant lookout, while running, for obstructions, defect of track, and signals." This paragraph of the petition is followed by an allegation that "The engineer of said train failed to keep a constant lookout at said place." It is not alleged that the failure of the engineer to observe this rule contributed in any way to the plaintiff's injury, or that if the rule had been observed, the injury would not have occurred. There is nothing in the petition which in any way connects the injury with the violation of this rule, and we are of the opinion that the court did not err in striking this part of the petition.

4. It is contended that the court erred in striking from the petition allegations that it was customary for the defendant, when its trains met on double tracks, to ring the bell or blow the whistle

when they passed each other, and that it failed to blow the whistle or ring the bell at the time and place of the injury. We are of the opinion that the court did not err in striking this part of the petition. The plaintiff did not allege that this was a binding custom, or that there was a rule requiring such action, or that the defendant knew of or relied upon such a custom. He does not allege that if this custom had been followed at the time and place the injury occurred, he would not have been injured, or that if a whistle had been blown or a bell rung, he could have escaped injury.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. Broyles, J., not presiding.*